**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, Plaintiffs,** | : | |
| **v.** | : | **C.A. No. 06-519S** |
| **RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY and BALFOUR BEATTY CONSTRUCTION, INC., Defendants.** | : | |

**FIRST AMENDED COMPLAINT**

1. This is an action to recover unpaid overtime compensation.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. (hereinafter designated as "the Act").

**PARTIES**

3. Plaintiff, Patrick Brady ("Brady") is resident of the State of Massachusetts. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

4. Plaintiff, Robert Powers ("Powers") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

5. Plaintiff, B. Donald Grossi, Jr. ("Grossi") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

6. Plaintiff, Dave Smith ("Smith") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

7. Plaintiff, Joseph D'Amato ("D'Amato") is resident of the State of Rhode Island. At all

relevant times, Plaintiff was an employee of Defendants within the meaning of the Act. Brady, Powers, Grossi, Smith and D'Amato are collectively referred to as "Plaintiffs."

8. Defendant Ryan Electric Construction, Inc. ("Ryan"), is a corporation duly licensed and organized under the laws of Rhode Island. Ryan is an employer covered by the Act.

9. Defendant Shank/Balfour Beatty, a joint venture of M.L. Shank Co., and Balfour Beatty Construction, Inc., is doing business in Rhode Island, and is an employer covered by the Act.

## STATEMENT OF FACTS

10. Plaintiffs are electricians and members of the International Brotherhood of Electrical Workers, Local 99 ("union").

11. Plaintiffs have been employed by Defendants, working on the Combined Sewer Overflow Abatement Program, a massive, twenty-two year project designed to control pollution flowing into Narragansett Bay. Plaintiffs work and/or have worked in a tunnel 250 feet beneath the streets of Providence.

12. Plaintiffs' pay rate under the applicable collective bargaining agreements for tunnel work is as follows. Plaintiffs are to be paid the regular union scale ($31.97 per hour) plus a tunnel bonus of twenty percent for a total of $38.36 per hour. In addition, second shift tunnel workers are to be paid a shift differential of 17.3 percent ($44.90 per hour) and third-shift tunnel workers are to be paid a shift differential of 31.4 percent ($50.40).

13. In about March 2006, some Plaintiffs moved from the 2nd shift to the 3rd shift. At or about this time, Plaintiffs realized that they were not being paid the appropriate shift differential and that they had not been paid the appropriate shift differential for some time.

14. Because Defendants were not paying the correct regular rate, Defendants were also not paying the correct overtime rates.

15. For example, Defendants were calculating overtime based on a regular rate of pay of $31.97 per hour, not counting tunnel bonus pay or shift differential.

16. Accordingly, for a number of weeks, Plaintiffs worked in excess of forty hours per work week without receipt of the proper overtime pay.

17. Plaintiffs brought the pay discrepancy to the attention of Defendants. Defendant Ryan acknowledged the error and agreed to pay the appropriate rates, including overtime. However, Ryan refused to pay any back overtime.

18. For about one month, Ryan paid the appropriate rates, including overtime.

19. However, in July 2006, Ryan stopped paying the appropriate rates, and reverted to the incorrect rates, including overtime.

20. Defendants have since continued to refuse to pay the correct overtime pay.

**COUNT I**
**Fair Labor Standards Act**
**29 U.S.C. § 201 et seq.**

21. Plaintiffs incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Defendants have failed and refused to properly compensate Plaintiffs.

23. By the aforesaid actions, Defendants have violated the FLSA.

24. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

25. Plaintiffs further seek liquidated damages as a result of Defendants' willful failure and refusal to pay overtime.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole;
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff liquidated damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiffs demands a trial by jury.

Plaintiffs,
By their attorneys,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 351-4802 (fax)

Dated: December 1, 2006