**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC.<br><br>Defendants. | : | C.A. No.: 06-519S |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, RYAN ELECTRIC CONSTRUCTION, INC. TO FIRST AMENDED COMPLAINT**

Defendant, Ryan Electric Construction, Inc. ("Ryan" or "defendant"), answers the first amended complaint ("complaint") as follows:

1. Denied.
2. Denied.
3. Defendant admits the first sentence of paragraph 3 of the complaint. Defendant denies the allegations of the second sentence of paragraph 3 of the complaint.

4. Defendant admits the first sentence of paragraph 4 of the complaint. Defendant denies the allegations of the second sentence of paragraph 4 of the complaint.

5. Defendant admits the first sentence of paragraph 5 of the complaint. Defendant denies the allegations of the second sentence of paragraph 5 of the complaint.

6. Defendant admits the first sentence of paragraph 6 of the complaint. Defendant denies the allegations of the second sentence of paragraph 6 of the complaint.

7. Defendant admits the first sentence of paragraph 7 of the complaint. Defendant denies the allegations of the second sentence of paragraph 7 of the complaint. Defendant can neither admit or deny the third sentence of paragraph 7 of the compliant.

8. Admitted.

9. Defendant admits the allegations of paragraph 9 of the complaint.

**STATEMENT OF FACTS:**

10. Defendant admits that plaintiffs are electricians, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the complaint, and therefore denies same.

11. This Defendant admits that Plaintiffs have been employed by it, but neither admits nor denies the remaining allegations of paragraph 11 of the complaint and leaves Plaintiffs to their proof thereon.

12. This Defendant neither admits nor denies the remaining allegations of paragraph 12 of the complaint and leaves Plaintiffs to their proof thereon.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. This Defendant neither admits nor denies the allegations of paragraph 18 of the complaint but leaves Plaintiffs to their proof thereon.

19. Denied.

20. Denied.

**COUNT I**

21. In answer to paragraph 21 of the complaint, defendant incorporates each and every answer and response set forth in paragraphs 1 through 20 above.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

Having answered the complaint, defendant demands that it be dismissed with prejudice, and that it be awarded the costs of this action and reasonable attorneys' fees under applicable law.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations of the complaint, defendant asserts the following affirmative defenses:

1. Plaintiffs' claims are barred by waiver.

2. Plaintiffs' claims are barred by estoppel.

3. Plaintiffs' claims are barred by all applicable statutes of limitations, including the limitations contained in the FLSA and section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. section 160(b).

4. Plaintiffs' claims are barred by laches.

5. Plaintiffs' claims are barred by payment.

6. Plaintiffs' claims are barred by failure to join indispensable parties, including but not limited to, IBEW, Local 99.

7. Plaintiffs' claims are barred by failure to exhaust contractual remedies, including arbitration, under the collective bargaining agreement, known as the Special Tunnel Agreement ("STA"), covering all of plaintiffs' work involved in this action.

8. Plaintiffs' claims are barred by the time limitations set forth in the STA.

9. Plaintiffs' claims are barred by the non-retroactivity provisions of the STA.

10. Plaintiffs' claims are barred by section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. section 185.

11. Plaintiffs' claims are barred by compromise and settlement.

12. Plaintiffs' claims are barred by accord and satisfaction.

13. Plaintiffs' claims are barred by illegality.

Having asserted its affirmative defenses, defendant demands that the complaint be dismissed with prejudice, and that it be awarded the costs of this action and reasonable attorneys' fees under applicable law.

DATED: January 12, 2007

VISCONTI & BOREN, LTD.

B y :

/s/_______________________________

GIRARD R. VISCONTI, Esq., (#0566)

55 Dorrance Street

Providence, RI 02903

(401) 331-3800

(401) 421-9302 (fax)

grv@viscontilaw.com

Attorneys for Defendant, RYAN ELECTRIC CONSTRUCTION, INC.

**Certification of Service:**

The undersigned hereby certifies that this document has been filed electronically on this 12th day of January, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Carly Beauvais Iafrate, Esq.**

ciafrate@verizon.net

The undersigned hereby certifies that on this 12th day of January 2007, a true copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

**Via U.S. Mail, postage prepaid:**

Gerard P. Cobleigh, Esq.

Cobleigh & Giacobbe

70 Jefferson Boulevard

Warwick, RI 02888

/s/ Girard R. Visconti

**Visconti & Boren Ltd.**

55 Dorrance Street

Providence, RI 02903

Tel. No. (401) 331-3800

Fax No. (401) 421-9203