**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 06-519S |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| Defendants. | : | |

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., And BALFOUR BEATTY CONSTRUCTION, INC. TO FIRST AMENDED COMPLAINT**

Defendants, Shank/Balfour Beatty, a joint venture of M.L. Shank Company, Inc., and Balfour Beatty Construction, Inc. ("Shank" or "defendants"), answer the first amended complaint ("complaint") as follows:

1. Defendants deny the allegations of paragraph 1 of the complaint.

2. Defendants deny the allegations of paragraph 2 of the complaint.

3. Defendants admit the first sentence of paragraph 3 of the complaint. Defendants deny the allegations of the second sentence of paragraph 3 of the complaint.

4. Defendants admit the first sentence of paragraph 4 of the complaint. Defendants deny the allegations of the second sentence of paragraph 4 of the complaint.

5. Defendants admit the first sentence of paragraph 5 of the complaint. Defendants deny the allegations of the second sentence of paragraph 5 of the complaint.

6. Defendants admit the first sentence of paragraph 6 of the complaint. Defendants deny the allegations of the second sentence of paragraph 6 of the complaint.

7. Defendants admit the first sentence of paragraph 7 of the complaint. Defendants deny the allegations of the second sentence of paragraph 7 of the complaint. Defendants can neither admit or deny the third sentence of paragraph 7 of the complaint.

8. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint, and therefore deny same.

9. Defendants admit the allegations of paragraph 9 of the complaint.

10. Defendants admit that plaintiffs are electricians, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 of the complaint, and therefore deny same.

11. Defendants deny the allegations of paragraph 11 of the complaint.

12. Defendants deny the allegations of paragraph 12 of the complaint. Defendants specifically deny that M.L. Shank Co. and Balfour Beatty Construction, Inc. are signatory to or bound by any collective bargaining agreement referred to in paragraph 12 of the complaint.

13. Defendants deny the allegations of paragraph 13 of the complaint.

14. Defendants deny the allegations of paragraph 14 of the complaint.

15. Defendants deny the allegations of paragraph 15 of the complaint.

16. Defendants deny the allegations of paragraph 16 of the complaint.

17. Defendants deny the allegations of paragraph 17 of the complaint.

18. Defendants deny the allegations of paragraph 18 of the complaint and states that the correct rate or more was paid to plaintiffs.

19. Defendants deny the allegations of paragraph 19 of the complaint.

20. Defendants deny the allegations of paragraph 20 of the complaint.

21. In answer to paragraph 21 of the complaint, defendants incorporate each and every answer and response set forth in paragraphs 1 through 20 above.

22. Defendants deny the allegations of paragraph 22 of the complaint.

23. Defendants deny the allegations of paragraph 23 of the complaint.

24. Defendants deny the allegations of paragraph 24 of the complaint.

25. Defendants deny the allegations of paragraph 25 of the complaint.

Having answered the complaint, defendants demand that it be dismissed with prejudice, and that it be awarded the costs of this action and reasonable attorneys' fees under applicable law.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint, defendants assert the following affirmative defenses:

1. Plaintiffs' claims are barred by waiver.

2. Plaintiffs' claims are barred by estoppel.

3. Plaintiffs' claims are barred by all applicable statutes of limitations, including the limitations contained in the FLSA and section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. section 160(b).

4. Plaintiffs' claims are barred by laches.

5. Plaintiffs' claims are barred by payment.

6. Plaintiffs' claims are barred by failure to join indispensable parties, including but not limited to, IBEW, Local 99.

7. Plaintiffs' claims are barred by failure to exhaust contractual remedies, including arbitration, under the collective bargaining agreement, known as the Special Tunnel Agreement ("STA"), covering all of plaintiffs' work involved in this action.

8. Plaintiffs' claims are barred by the time limitations set forth in the STA.

9. Plaintiffs' claims are barred by the non-retroactivity provisions of the STA.

10. Plaintiffs' claims are barred by section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. section 185.

11. Plaintiffs' claims are barred by compromise and settlement.

12. Plaintiffs' claims are barred by accord and satisfaction.

13. Plaintiffs' claims are barred by illegality.

Having asserted its affirmative defenses, defendants demand that the complaint be dismissed with prejudice, and that it be awarded the costs of this action and reasonable attorneys' fees under applicable law.

DATED: January 15, 2007

VISCONTI & BOREN, LTD.
By:
/s/________________________________
GIRARD R. VISCONTI, Esq., (#0566)
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 (fax)
grv@viscontilaw.com

Attorneys for Defendants, SHANK/ BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC.

**Certification of Service:**

The undersigned hereby certifies that this document has been filed electronically on this 15th day of January, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Carly Beauvais Iafrate, Esq.**
ciafrate@verizon.net

The undersigned hereby certifies that on this 15th day of January 2007, a true copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

**Via U.S. Mail, postage prepaid:**

Gerard P. Cobleigh, Esq.
Cobleigh & Giacobbe
70 Jefferson Boulevard
Warwick, RI 02888

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9203
grv@viscontilaw.com