**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 06-519S |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | Date: February 15, 2007<br>Time: 2:00 p.m.<br><br>Judge: Mary M. Lisi |
| Defendants. | : | |

**SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S STATEMENT FOR FEBRUARY 15, 2007 CONFERENCE**

Defendant Shank/Balfour Beatty ("Shank"), a joint venture of M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc., submits this statement for consideration at the conference scheduled for February 15, 2007.

I.

INTRODUCTION

The plaintiffs action seek to recover increased overtime compensation for work they performed on the Main Spine Tunnel and Ancillary Facilities project for the Narragansett Bay Commission ("Project"). Plaintiffs claim they were employed by

Shank and by Ryan Electric Construction, Inc. on that Project. The facts will show that plaintiffs worked for Ryan only and not for Shank.

The plaintiffs' terms and conditions of employment were established by a collective bargaining agreement known as the Special Tunnel Agreement ("STA"). International Brotherhood of Electrical Workers, Local 99 represented the plaintiffs when they worked on the Project. The STA contains a final and binding grievance and arbitration procedure.

The plaintiffs claim that Shank and Ryan violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiffs' claim is limited in nature. Plaintiffs claim that Shank and Ryan did not correctly calculate their overtime compensation. Plaintiffs claim Shank and Ryan failed to include in plaintiffs' regular rate of pay, from which any overtime was computed, an increase in a shift pay premium that went into effect in 2003. The plaintiffs claim the overtime on the increase in the shift pay premium was required to be paid to them under the terms of the STA. Shank and Ryan disagree with the plaintiffs' interpretation of the STA.

The facts will show the increased shift pay premium upon which the plaintiffs base their overtime claim went into effect, if at all, in July 2003. The facts will also show that neither the plaintiffs nor Local 99 ever filed a timely grievance against Shank or Ryan under the terms of the STA.

## II.

## SHANK'S PRIMARY DEFENSES

The following are the primary defenses raised by Shank to the plaintiffs' claims.

1. While the Shank joint venture is bound to the STA, the companies that comprise the joint venture are not individually bound to the STA The facts will further show, however, that Shank never employed the plaintiffs.

2. To the extent the plaintiffs were employed by Ryan, Shank is not liable for Ryan's failure to pay overtime, assuming, without admitting, that any overtime is due.

3. The plaintiffs' claims are completely barred by the two-year or the three-year statute of limitations under Portal-to-Portal Act § 6(a), 29 U.S.C. 255(a), as the increased shift pay premium went into effect (if at all) in July 2003. Plaintiffs did not file their claims until November 30, 2006.

4. Plaintiffs' claims are also completely barred by Labor Management Relations Act § 301, 29 U.S.C. § 185. Plaintiffs' claims require an interpretation of the STA. Therefore, plaintiffs were required to arbitrate whether the defendants were required to pay the increased shift pay premium. They did not do so. Their claims are untimely under National Labor Relations Act § 10(b), 29 U.S.C. § 160(b).

5. Without waiving the claim that the plaintiffs were required to arbitrate their claims, Shank maintains the increased shift pay premium is not an industry-wide increase in wages or fringe benefits within the meaning of Section 13 of the STA..

6. Pursuant to the terms of the STA, "Any dispute not called to the attention of the non-grieving party in writing within ten (10) days after its first

occurrence shall be deemed to be waived." Local 99 has not complied with the provision and therefore waived any of its claims.

This statement is not intended to cover all of the possible defenses and is intended to simply advise the Court of the major issues in this case.

Defendant Ryan Electric Construction, Inc. hereby incorporates all of the aforesaid defenses.

DATED: February 9, 2007

VISCONTI & BOREN, LTD.
By:
/s/________________________________
GIRARD R. VISCONTI, Esq., (#0566)
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 (fax)
grv@viscontilaw.com

Attorneys for Defendants, SHANK/ BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC.

Respectfully submitted,

MARKS, GOLIA & FINCH, LLP

/s/________________________________
Mark T. Bennett, Esq.
Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

**Certification of Service:**

The undersigned hereby certifies that this document has been filed electronically on this 9th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Carly Beauvais Iafrate, Esq.**
**ciafrate@verizon.net**

The undersigned hereby certifies that on this 7th day of February 2007, a true copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

**Via U.S. Mail, postage prepaid:**

Gerard P. Cobleigh, Esq.
Cobleigh & Giacobbe
70 Jefferson Boulevard
Warwick, RI 02888

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9203