**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **PATRICK BRADY, et al.,**<br>**Plaintiff,**<br><br>**vs.**<br><br>**RYAN ELECTRIC CONSTRUCTION, INC., et al.,**<br>**Defendants.** | ) | **C.A. No.: 06-519S** |

**PRE-TRIAL CONFERENCE STATEMENT**

**I.** ***Brief Background.***

This civil action has been filed by a group of five Plaintiffs,[1] all having been employed by Defendant Ryan Electric, a subcontractor of Defendant Shank/Balfour Beatty. When it was discovered that Ryan Electric was paying the improper rates to the electricians, Plaintiffs attempted to address the problem with Ryan and Shank. Although Ryan initially changed the rates and began properly paying the electricians, this was abandoned soon after Ryan conferred with Shank. Shank was paying Ryan for the electricians' work. This action followed.

[1]The Plaintiffs are Patrick Brady, Bob Powers, B. Donald Grossi, Dave Smith and Joseph D'amato.

**II. *FLSA Claim*.**

Defendants have raised numerous issues that relate to the issue of whether the matter, procedurally, is properly before the Court. The first issue is whether the Plaintiffs are required to exhaust arbitration on their FLSA claims. In this circuit, it is well-settled that despite their union status, Plaintiffs' still have a right to redress under the FLSA. See, e.g., O'Brien v. Town of Agawam, 350 F.3d 279 (1st Cir. 2003). There is no express language in the applicable contracts waiving the FLSA's important statutory rights. In addition, Defendants have argued that Shank is not a proper defendant because it did not directly employ Plaintiffs. Again, this position ignores a body of law on the joint employer doctrine. See, e.g., Schultz v. Capital Int'l Security, Inc., 460 F.3d 595 (4th Cir. 2006).

The Plaintiffs maintain that none of the Defendants remaining defenses have merit. For example, there is no section 301 federal preemption, as implied, because (1) there are no state law claims; and (2) even if there were, the case does not require the "interpretation" necessary to trigger preemption. See, e.g., Izzi v. UPS, 2005 U.S. District Lexis 40748, at *11 (D.R.I. 1995). In addition, Plaintiffs disagree with Defendants' position that there is a statute of limitations issue.

Defendant,
By its Attorney,

/s/ Gerard P. Cobleigh, Esq.

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888

Tel. (401) 941-5900
Fax (401) 461-4107

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 12th day of February 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti, Esq.,
grv@viscontilaw.com

Mark T. Bennett, Esq.
mbennett@mgfllp.com

Stephen J. Schultz, Esq.
sschultz@mgfllp.com

/s/ Gerard P. Cobleigh, Esq.
______________________________