**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PATRICK BRADY, et al.,**<br>***Plaintiffs,***<br><br>**vs.**<br><br>**RYAN ELECTRIC CONSTRUCTION, INC., et al.,**<br><br>***Defendants.*** | **C.A. No. 06-519ML** |

**MOTION TO AMEND COMPLAINT**

Now come the Plaintiffs and hereby move for leave of the Court to amend the Amended Complaint filed in the above-referenced action pursuant to Rule 15(a) and (c) of the Federal Rules of Civil Procedure. In summary, Plaintiffs seek to add a state law claim. In support thereof, Plaintiffs submit the accompanying memorandum of law.

Wherefore, Plaintiffs pray that this Motion be granted.

Plaintiffs,
By their Attorney,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

Case 1:06-cv-00519-ML-DLM Document 20 Filed 05/03/2007 Page 2 of 15

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 3rd day of May 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti, Esq.,
grv@viscontilaw.com

Mark T. Bennett, Esq.
mbennett@mgfllp.com

Stephen J. Schultz, Esq.
sschultz@mgfllp.com

/s/ Gerard P. Cobleigh, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PATRICK BRADY, et al.,** ***Plaintiffs,*** vs. **RYAN ELECTRIC CONSTRUCTION, INC., et al.,** ***Defendants.*** | **C.A. No. 06-519ML** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT**

**I.** ***Introduction***

All five Plaintiffs are electricians who, at various times, were employed by Defendants, working in the City of Providence, on the combined sewer overflow abatement program. Their work was performed hundreds of feet below ground on a tunnel boring machine. During the time Plaintiffs were employed by Defendants, Defendants failed to pay them properly (including wages, benefits, and overtime payments). Accordingly, in November 2006, Plaintiffs filed the instant lawsuit.

The original complaint stated a cause of action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. See Ex. A, *First Amended Complaint*.[1] Plaintiff files this motion to amend the complaint in order to include an additional state law claim that arises from the

[1] The Complaint was amended once, before it was served on Defendants, to clarify some typographical errors.

same facts and affords Plaintiffs additional relief to which they are entitled. See Ex. B, *Proposed Amended Complaint*.

**II. *Rule 15(a) & (c)***

Rule 15(a) of the Federal Rules of Civil Procedure liberally permits amendment absence a showing of extreme prejudice. Desrosiers v. Hartford Life & Accident Ins. Co., 354 F. Supp.2d 119, 129 (D.R.I. 2005). The burden rests on the party opposing the motion to amend to demonstrate the prejudice. Defendants will be unable to demonstrate any kind of prejudice. This case has only been pending only since November, during which the parties have been engaged in settlement discussions. No discovery has yet to be conducted.

Furthermore, under Rule 15(c), "[w]henever the claim * * * asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." In this case, the amended claim arises from the same relationship and encompasses the same facts as stated in the original complaint. Thus, the amended pleading should relate back to the date of the original pleading.

**III. Conclusion**

For the foregoing reasons, the Plaintiffs respectfully request the Court to grant the instant motion to amend the complaint pursuant to Fed. R. Civ. P. R. 15(a) and (c).

Plaintiffs,
By their Attorney,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900

(401) 461-4107 (fax)

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 3rd day of May 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti, Esq.,
grv@viscontilaw.com

Mark T. Bennett, Esq.
mbennett@mgfllp.com

Stephen J. Schultz, Esq.
sschultz@mgfllp.com

/s/ Gerard P. Cobleigh, Esq.

EXHIBIT A

Case 1:06-cv-00519-ML-DLM Document 20 Filed 05/03/2007 Page 6 of 15

Case 1:06-cv-00519-ML-DLM Document 20 Filed 05/03/2007 Page 7 of 15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO,**
**Plaintiffs,**

**v.** **C.A. No. 06-519S**

**RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY and BALFOUR BEATTY CONSTRUCTION, INC.,**
**Defendants.**

## FIRST AMENDED COMPLAINT

1. This is an action to recover unpaid overtime compensation.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. (hereinafter designated as "the Act").

## PARTIES

3. Plaintiff, Patrick Brady ("Brady") is resident of the State of Massachusetts. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

4. Plaintiff, Robert Powers ("Powers") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

5. Plaintiff, B. Donald Grossi, Jr. ("Grossi") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

6. Plaintiff, Dave Smith ("Smith") is resident of the State of Rhode Island. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Act.

7. Plaintiff, Joseph D'Amato ("D'Amato") is resident of the State of Rhode Island. At all

relevant times, Plaintiff was an employee of Defendants within the meaning of the Act. Brady, Powers, Grossi, Smith and D'Amato are collectively referred to as "Plaintiffs."

8. Defendant Ryan Electric Construction, Inc. ("Ryan"), is a corporation duly licensed and organized under the laws of Rhode Island. Ryan is an employer covered by the Act.

9. Defendant Shank/Balfour Beatty, a joint venture of M.L. Shank Co., and Balfour Beatty Construction, Inc., is doing business in Rhode Island, and is an employer covered by the Act.

## STATEMENT OF FACTS

10. Plaintiffs are electricians and members of the International Brotherhood of Electrical Workers, Local 99 ("union").

11. Plaintiffs have been employed by Defendants, working on the Combined Sewer Overflow Abatement Program, a massive, twenty-two year project designed to control pollution flowing into Narragansett Bay. Plaintiffs work and/or have worked in a tunnel 250 feet beneath the streets of Providence.

12. Plaintiffs' pay rate under the applicable collective bargaining agreements for tunnel work is as follows. Plaintiffs are to be paid the regular union scale ($31.97 per hour) plus a tunnel bonus of twenty percent for a total of $38.36 per hour. In addition, second shift tunnel workers are to be paid a shift differential of 17.3 percent ($44.90 per hour) and third-shift tunnel workers are to be paid a shift differential of 31.4 percent ($50.40).

13. In about March 2006, some Plaintiffs moved from the 2nd shift to the 3rd shift. At or about this time, Plaintiffs realized that they were not being paid the appropriate shift differential and that they had not been paid the appropriate shift differential for some time.

14. Because Defendants were not paying the correct regular rate, Defendants were also not paying the correct overtime rates.

15. For example, Defendants were calculating overtime based on a regular rate of pay of $31.97 per hour, not counting tunnel bonus pay or shift differential.

16. Accordingly, for a number of weeks, Plaintiffs worked in excess of forty hours per work week without receipt of the proper overtime pay.

17. Plaintiffs brought the pay discrepancy to the attention of Defendants. Defendant Ryan acknowledged the error and agreed to pay the appropriate rates, including overtime. However, Ryan refused to pay any back overtime.

18. For about one month, Ryan paid the appropriate rates, including overtime.

19. However, in July 2006, Ryan stopped paying the appropriate rates, and reverted to the incorrect rates, including overtime.

20. Defendants have since continued to refuse to pay the correct overtime pay.

**COUNT I**
**Fair Labor Standards Act**
**29 U.S.C. § 201 et seq.**

21. Plaintiffs incorporate by reference Paragraphs 1 through 20 as if fully set forth herein.

22. Defendants have failed and refused to properly compensate Plaintiffs.

23. By the aforesaid actions, Defendants have violated the FLSA.

24. As a result of the foregoing unlawful conduct on the part of the Defendants, Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable.

25. Plaintiffs further seek liquidated damages as a result of Defendants' willful failure and refusal to pay overtime.

**PRAYER FOR RELIEF**

Plaintiff prays that this Court:

(1) declare that the Defendants' actions complained of are unlawful;
(2) order the Defendants to make the Plaintiff whole:
(3) order that the Defendants pay Plaintiff compensatory damages;
(4) order that the Defendants pay Plaintiff liquidated damages;
(5) retain the jurisdiction of this action to ensure full compliance;
(6) order the Defendants to pay Plaintiff costs and expenses and reasonable attorney's fees;
(7) grant such other relief to Plaintiff as the court deems just and proper.

Plaintiff's damages are in an amount sufficient to invoke the jurisdiction of this Court.

**JURY TRIAL DEMAND**

Plaintiffs demands a trial by jury.

Plaintiffs,
By their attorneys,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 351-4802 (fax)

Dated: December 1, 2006

EXHIBIT B

Case 1:06-cv-00519-ML-DLM Document 20 Filed 05/03/2007 Page 11 of 15

Case 1:06-cv-00519-ML-DLM Document 20 Filed 05/03/2007 Page 12 of 15

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PATRICK BRADY, et al.**
**Plaintiff,**

**v.** **C.A. No. 06-519S**

**RYAN ELECTRIC CONSTRUCTION, INC.., et al.,**
**Defendants.**

## SECOND AMENDED COMPLAINT

Plaintiffs hereby commence this action and make the following allegations:

## JURISDICTION AND VENUE

1. Plaintiffs commence this action to recover from Defendants unpaid wages and unpaid overtime compensation, together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, pursuant to §216(b) of the Fair Labor Standards Act and R.I. Gen. Laws § 37-13-1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

3. Considerations of judicial economy, convenience and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiffs' state law claims. Plaintiffs' state claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

4. The actions complained of herein occurred in Rhode Island where Defendants employed the Plaintiffs.

## PARTIES

5. Plaintiff Patrick Brady (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Massachusetts and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

6. Plaintiff Robert Powers (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

7. Plaintiff B. Donald Grossi, Jr. (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

8. Plaintiff Dave Smith (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

9. Plaintiff Joseph Damato (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

10. Defendant Ryan Electric Construction, Inc. (hereinafter "Defendant Ryan") is a Rhode Island corporation engaged in interstate commerce, which maintains a regular place of business in, Warwick, Rhode Island. At all times during Defendant's employment of the Plaintiffs, Defendant was engaged in the in the stream of interstate commerce, and was Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

11. Defendant Shank/Balfour Beatty (hereinafter "Defendant Shank") is a joint venture of M.L. Shank Co. and Balfour Beatty Construction, Inc., two California corporations, engaged in interstate commerce, which maintains a regular place of business in Providence, Rhode Island. At all times during Defendant's employment of the Plaintiffs, Defendant was engaged in the in the stream of interstate commerce, and was Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

12. The Defendants employed Plaintiffs to work as electricians at various times, on the Combined Sewer Overflow Abatement Program, a massive, twenty-two year project designed to control pollution flowing into Narragansett Bay. Plaintiffs work and/or have worked in a tunnel 250 feet beneath the streets of Providence.

13. Throughout the course of Plaintiffs' employment by the Defendants, the Plaintiffs' primary duties and principal activities in the employ of the Defendants rarely, if ever, involved discretion or independent judgment, but rather were limited to repetitive tasks involving performing electrical work in the tunnel.

14. At all times during the course of Plaintiffs' employment, Plaintiffs performed all assigned duties in an exemplary manner that exceeded the Defendants' legitimate expectations as Plaintiffs' employers.

15. During the duration of the Plaintiffs' employment with the Defendants, Defendants refused to properly compensate Plaintiffs for the hours worked by Plaintiffs despite Plaintiffs' performance of the primary duties and principal activities for which Defendants employed the Plaintiff, which were an integral part of the principal activities for which Plaintiffs was employed, which were indispensable to the performance of such principal activities, and which were controlled and required by the Defendants for the Defendants' benefit.

16. During the duration of the Plaintiffs' employment with the Defendants, Defendants required Plaintiffs to work several hours in excess of forty (40) hours in various workweeks.

17. During the duration of the Plaintiffs' employment with the Defendants, Defendants knowingly and willfully refused to comply with Defendants' known obligation to pay Plaintiffs for all hours worked, despite Defendants' knowledge of its obligation to pay Plaintiffs for all hours worked by virtue of the wage payment requirements of the Fair Labor Standards Act and applicable state law and Defendants' knowledge that Plaintiffs' duties rendered Plaintiffs non-exempt employees.

18. During the duration of the Plaintiffs' employment with the Defendants, Defendants knowingly and willfully refused to comply with its known obligation to pay Plaintiffs overtime premiums for all hours worked in excess of forty (40) hours in each workweek; despite Defendants' knowledge of its obligation to pay Plaintiffs overtime premiums as required by the Fair Labor Standards Act and state law and Defendants' knowledge that Plaintiffs' duties rendered Plaintiffs non-exempt employees.

**COUNT I: WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (REFUSAL TO PAY OVERTIME)**

19. Plaintiffs hereby reallege every allegation set forth in this Complaint as though fully set forth herein.

20. By the aforementioned acts and omissions, Defendants knowingly and willfully violated the Fair Labor Standards Act by failing and refusing to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) in each workweek.

21. Defendants stand liable to Plaintiffs for willful violations of the overtime wage payment requirements of the Fair Labor Standards Act.

22. Defendants stand liable to Plaintiffs for all unpaid overtime compensation and an additional equal amount as liquidated damages given the knowing and willful character of the Defendants' violations of the Fair Labor Standards Act.

**COUNT II:**
**VIOLATIONS OF LABOR &**
**PAYMENT OF DEBTS BY CONTRACTORS ACT**

23. Plaintiffs hereby reallege every allegation set forth in this Complaint as though fully set forth herein.

24. In addition to Defendants' knowing and willful violations of the Fair Labor Standards Act, Defendants also knowingly and willfully violated the requirements of Rhode Island law, inter alia, to pay Plaintiff the required wages and benefits pursuant to R.I. Gen. Laws § 37-13-1 et seq.

25. Defendants stand liable to Plaintiffs for willful violation of R.I. Gen. Laws § 37-13-17.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

1. A finding that Defendants stand liable to Plaintiffs for willful violations of the overtime and wage payment requirements of the Fair Labor Standards Act.

2. A finding that Defendants stand liable to Plaintiffs for willful violations of state law, R.I. Gen. Laws § 37-13-1 et seq.

3. An award compensating Plaintiffs, according to proof, for all overtime and wage underpayments required to be paid by the Fair Labor Standards Act, and an additional equal amount as liquidated damages.

4. An award compensating Plaintiffs, according to proof, for all overtime and wage underpayments required to be paid by state law, and an additional equal amount as liquidated damages.

5. A finding after judgment (or partial summary judgment) in Plaintiffs' favor, that the Defendants stand liable to Plaintiffs for an award of Plaintiffs' reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-judgment hearing to determine the amount of Plaintiffs' reasonable attorneys fees taxable to the Defendants, along with a determination of the Plaintiffs' litigation costs and expenses taxable to the Defendants.

6. An appropriate award of pre-judgment interest on all sums recovered.

7. Such other and further relief as this Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By Plaintiffs' Attorney,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

TRIAL BY JURY IS HEREBY DEMANDED FOR ALL ISSUES SO TRIABLE.

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh