**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 06-519S ML |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| Defendants. | : | Judge: Mary M. Lisi |

**SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S**
**OPPOSITION TO MOTION TO CORRECT OR FILE SECOND AMENDED COMPLAINT**

**SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S <u>OPPOSITION TO MOTION TO CORRECT OR FILE SECOND AMENDED COMPLAINT</u>**

Defendant Shank/Balfour Beatty ("Shank") files its opposition to the motion to correct or file a second amended complaint by plaintiffs Patrick Brady, B. Donald Grossi, Robert Powers, Dave Smith, and Joseph D'Amato (collectively "Plaintiffs").

The court should deny the Plaintiffs' motion as it would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). A plaintiff must allege <u>facts</u> in support of each material element necessary to sustain recover under some actionable legal theory. This Court is not bound to credit "bald assertions, unsupportable conclusions, and opprobrious epithets." *Campagna v. Mass. Dept. of Environment Protection*, 334 F.3d 150, 155 (1st Cir. 2003) (citation omitted).

In *Gooley v. Mobile Oil Corp.*, 851 F.2d 513 (1st Cir. 1988), the plaintiffs asserted a claim under the Petroleum Marketing Practices Act. In that claim, the plaintiff made the conclusory statement that the defendant's offer was not "bona fide." In finding that the plaintiff did not state a cause of action, the First Circuit stated:

> A Rule 12(b)(6) motion will be granted only if . . . the pleading shows no set of facts which could entitled plaintiff to relief. Nevertheless, minimum requirements and not tantamount to to non-existent requirements. The threshold may be low, but it is real—and it is the plaintiffs burden to take the step which brings his case safely into the next phase of litigation. The court need not conjure up unplead allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the porthole. In this case, the plaintiff pleaded no facts adequate to entitle him to offer evidence in support of his ("entirely conclusory") ascertains.
>
> * * *
>
> Here the allegation [that the defendant's] offer was other than bona fide was merely a subjective characterization, devoid of a

> minimally sufficient factual predicate. To permit a plaintiff, on such a skimpy foundation, to drag a defendant past the pleading threshold would be to invite litigation by hunch and to open [defendants] to the most unrestrained fishing expeditions. We decline to impose such an onerous burden.

*Id.* at 514, 515.

In this case, the plaintiff sues both Shank and Ryan Electric Construction Co, Inc. ("Ryan") for alleged violations of the Fair Labor Standards Act. The Plaintiffs' claim Shank and Ryan failed to pay them overtime. The first amended complaint was specific as to how the defendants allegedly failed to meet their overtime obligations. The first amended complaint alleged that the defendants had not included a "tunnel bonus pay" or "shift differential" in the calculation of their regular rate of pay. The second amended complaint contains no such factual allegations. It makes the general allegation that the defendants failed to pay overtime. Are there some new facts of which the defendants are not aware? Or will the parties arrive back at the same allegations as the first amended complaint after consuming time and effort on extensive discovery? The defendants are entitled to know this.

Second, the plaintiffs allege that Shank and Ryan are their employers. On what legal theory is this claim made? What are the facts that support each element of the plaintiffs' legal theory? The second amended complaint contains nothing more than conclusory allegations that are devoid of any factual foundation.

The second amended complaint raises allegations that the defendants violated Rhode Island state law and cites, <u>as an example</u>, the Payment of Debts by Contractors Act ("PDCA"), Rhode I. Gen. Laws §§ 37-13-1 through 237-13-17. Are there other Rhode Island state laws the defendants are alleged to have violated? If so, those laws

must be identified and the Plaintiffs should be required to allege the facts which support each element of a violation of those laws.

Even as to the PDCA, the second amended complaint is woefully deficient. Under that statute, the Rhode Island Director of Labor and Training ascertains the general prevailing rate of the regular, holiday, and overtime wages paid and the general prevailing payments on behalf of employees to fringe benefit programs. Those rates are set forth in the call for bids on public works projects. Contractors and subcontractors on the public works project must pay those minimum rates. Under sections 37-13-17, employees have a private right of action. However, that right of action can be brought solely against the employee's own employer. Section 37-13-17(b).

Again, there is no allegations that establish that both Shank and Brady are equally responsible for any alleged violation of the PDCA under any viable legal theory. Further, there is no allegation as to the prevailing wage rate that was required to be paid and no allegation as to the rate that was actually paid. These are essential allegations that must be plead.

To paraphrase the First Circuit's decision in *Gooley,* the Court cannot permit the plaintiffs, on such a skimpy foundation, to drag Shank into Court to answer the allegations in the second amended complaint.

Moreover, as no facts are alleged in the second amended complaint, there is no bases to conclude that the requirements of Fed. R. Civ. P. 15(c) are met. Nor is there a basis to conclude that the Court has supplemental jurisdiction over the PDCA claims under 28 U.S.C. § 1367.

Case 1:06-cv-00519-ML-DLM Document 21 Filed 05/16/2007 Page 5 of 5

## CONCLUSION

Based upon the foregoing, it is requested that the motion to correct or file the second amended complaint be denied.

DATED: May, 16, 2007

Respectfully submitted,
MARKS, GOLIA & FINCH, LLP

By: /S/
Mark T. Bennett, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000
Fax: (619) 293-7362
mbennett@mgfllp.com
Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 16th day of May 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF**:

**Carly Beauvais Iafrate, Esq.**
ciafrate@verizon.net

**Girard R. Visconti, Esq.**
grv@viscontilaw.com

**Gerald P. Cobleigh, Esq.**
gcobleigh@aol.com

DATED: May, 16, 2007

MARKS, GOLIA & FINCH, LLP

By: /S/
Mark T. Bennett, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000
Fax: (619) 293-7362
mbennett@mgfllp.com

Attorneys for Plaintiff, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.