**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**PATRICK BRADY, et al.**
**Plaintiff,**
**v.** **C.A. No. 06-519S**

**RYAN ELECTRIC CONSTRUCTION, INC.., et al.,**
**Defendants.**

## SECOND AMENDED COMPLAINT

Plaintiffs hereby commence this action and make the following allegations:

## JURISDICTION AND VENUE

1. Plaintiffs commence this action to recover from Defendants unpaid wages and unpaid overtime compensation, together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees, pursuant to §216(b) of the Fair Labor Standards Act and R.I. Gen. Laws § 37-13-1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1337, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

3. Considerations of judicial economy, convenience and fairness to the litigants warrant exercise of this Court's supplemental jurisdiction with respect to Plaintiffs' state law claims. Plaintiffs' state claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

4. The actions complained of herein occurred in Rhode Island where Defendants employed the Plaintiffs.

## PARTIES

5. Plaintiff Patrick Brady (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Massachusetts and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

6. Plaintiff Robert Powers (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

7. Plaintiff B. Donald Grossi, Jr. (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

8. Plaintiff Dave Smith (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

9. Plaintiff Joseph Damato (collectively referred to as "Plaintiffs") at all times relevant to this action was a resident of the State of Rhode Island and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the Fair Labor Standards Act, employed by the Defendants.

10. Defendant Ryan Electric Construction, Inc. (hereinafter "Defendant Ryan") is a Rhode Island corporation engaged in interstate commerce, which maintains a regular place of business in, Warwick, Rhode Island. At all times during Defendant's employment of the Plaintiffs, Defendant was engaged in the in the stream of interstate commerce, and was Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

11. Defendant Shank/Balfour Beatty (hereinafter "Defendant Shank") is a joint venture of M.L. Shank Co. and Balfour Beatty Construction, Inc., two California corporations, engaged in interstate commerce, which maintains a regular place of business in Providence, Rhode Island. At all times during Defendant's employment of the Plaintiffs, Defendant was engaged in the in the stream of interstate commerce, and was Plaintiffs' "employer" within the meaning of 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

12. The Defendants employed Plaintiffs to work as electricians at various times, on the Combined Sewer Overflow Abatement Program, a massive, twenty-two year project designed to control pollution flowing into Narragansett Bay. Plaintiffs work and/or have worked in a tunnel 250 feet beneath the streets of Providence.

13. Throughout the course of Plaintiffs' employment by the Defendants, the Plaintiffs' primary duties and principal activities in the employ of the Defendants rarely, if ever, involved discretion or independent judgment, but rather were limited to repetitive tasks involving performing electrical work in the tunnel.

14. At all times during the course of Plaintiffs' employment, Plaintiffs performed all assigned duties in an exemplary manner that exceeded the Defendants' legitimate expectations as Plaintiffs' employers.

15. During the duration of the Plaintiffs' employment with the Defendants, Defendants refused to properly compensate Plaintiffs for the hours worked by Plaintiffs despite Plaintiffs' performance of the primary duties and principal activities for which Defendants employed the Plaintiff, which were an integral part of the principal activities for which Plaintiffs was employed, which were indispensable to the performance of such principal activities, and which were controlled and required by the Defendants for the Defendants' benefit.

16. During the duration of the Plaintiffs' employment with the Defendants, Defendants required Plaintiffs to work several hours in excess of forty (40) hours in various workweeks.

17. During the duration of the Plaintiffs' employment with the Defendants, Defendants knowingly and willfully refused to comply with Defendants' known obligation to pay Plaintiffs for all hours worked, despite Defendants' knowledge of its obligation to pay Plaintiffs for all hours worked by virtue of the wage payment requirements of the Fair Labor Standards Act and applicable state law and Defendants' knowledge that Plaintiffs' duties rendered Plaintiffs non-exempt employees.

18. During the duration of the Plaintiffs' employment with the Defendants, Defendants knowingly and willfully refused to comply with its known obligation to pay Plaintiffs overtime premiums for all hours worked in excess of forty (40) hours in each workweek; despite Defendants' knowledge of its obligation to pay Plaintiffs overtime premiums as required by the Fair Labor Standards Act and state law and Defendants' knowledge that Plaintiffs' duties rendered Plaintiffs non-exempt employees.

**COUNT I: WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (REFUSAL TO PAY OVERTIME)**

19. Plaintiffs hereby reallege every allegation set forth in this Complaint as though fully set forth herein.

20. By the aforementioned acts and omissions, Defendants knowingly and willfully violated the Fair Labor Standards Act by failing and refusing to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) in each workweek.

21. Defendants stand liable to Plaintiffs for willful violations of the overtime wage payment requirements of the Fair Labor Standards Act.

22. Defendants stand liable to Plaintiffs for all unpaid overtime compensation and an additional equal amount as liquidated damages given the knowing and willful character of the Defendants' violations of the Fair Labor Standards Act.

**COUNT II:
VIOLATIONS OF LABOR &
PAYMENT OF DEBTS BY CONTRACTORS ACT**

23. Plaintiffs hereby reallege every allegation set forth in this Complaint as though fully set forth herein.

24. In addition to Defendants' knowing and willful violations of the Fair Labor Standards Act, Defendants also knowingly and willfully violated the requirements of Rhode Island law, to pay Plaintiff the required wages and benefits pursuant to R.I. Gen. Laws § 37-13-1 et seq.

25. Defendants stand liable to Plaintiffs for willful violation of R.I. Gen. Laws § 37-13-17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Honorable Court grant the following relief:

1. A finding that Defendants stand liable to Plaintiffs for willful violations of the overtime and wage payment requirements of the Fair Labor Standards Act.

2. A finding that Defendants stand liable to Plaintiffs for willful violations of state law, R.I. Gen. Laws § 37-13-1 et seq.

3. An award compensating Plaintiffs, according to proof, for all overtime and wage underpayments required to be paid by the Fair Labor Standards Act, and an additional equal amount as liquidated damages.

4. An award compensating Plaintiffs, according to proof, for all overtime and wage underpayments required to be paid by state law, and an additional equal amount as liquidated damages.

5. A finding after judgment (or partial summary judgment) in Plaintiffs' favor, that the Defendants stand liable to Plaintiffs for an award of Plaintiffs' reasonable attorneys' fees, litigation costs and other costs of this action, together with a post-judgment hearing to determine the amount of Plaintiffs' reasonable attorneys fees taxable to the Defendants, along with a determination of the Plaintiffs' litigation costs and expenses taxable to the Defendants.

6. An appropriate award of pre-judgment interest on all sums recovered.

7. Such other and further relief as this Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By Plaintiffs' Attorney,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

TRIAL BY JURY IS HEREBY DEMANDED FOR ALL ISSUES SO TRIABLE.

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh