**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 06-519-ML-DLM |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| Defendants. | : | Judge: Mary M. Lisi |

**DEFENDANTS SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

**DEFENDANTS SHANK/BALFOUR BEATTY, A JOINT VENTURE OF M.L. SHANK COMPANY, INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants Shank/Balfour Beatty, a joint venture of M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc. (collectively "Shank"), answer the Second Amended Complaint ("Complaint") as follows:

1. Shank admits that plaintiffs Patrick Brady, B. Donald Grossi, Robert Powers, Dave Smith, and Joseph D'Amato ("Plaintiffs") seek to recover unpaid wages and unpaid overtime compensation, liquidated damages, and attorneys' fees pursuant to the federal Fair Labor Standards Act ("FLSA") and the Rhode Island Payment of Debts by Contractors Act ("PDCA"). Those claims are disputed and are denied by Shank. Except at specifically admitted, Shank denies each and every allegations contained in paragraph 1of the Complaint including the allegation that this Court has subject matter jurisdiction.

2. Shank admits the allegations contained in paragraph 2 of the Complaint.

3. Shank denies the allegations contained in paragraph 3 of the Complaint.

4. Shank admits that the Plaintiffs performed work from time-to-time for defendant Ryan Electric Construction, Inc. on the Main Spine Tunnel and Ancillary Facilities project (Contract No. 01:302.06-C) for the Naragansett Bay Commission ("Project"). Expect as specifically admitted, and Shank denies the allegations contained in paragraph 4 of the Complaint.

///

///

5. Shank denies that it employed Plaintiff Patrick Brady. With respect to the remaining allegations in paragraph 5 of the Complaint, Shank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

6. Shank denies that it employed Plaintiff Robert Powers. With respect to the remaining allegations in paragraph 6 of the Complaint, Shank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

7. Shank denies that it employed Plaintiff B. Donald Grossi, Jr. With respect to the remaining allegations in paragraph 7 of the Complaint, Shank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

8. Shank denies that it employed Plaintiff Dave Smith. With respect to the remaining allegations in paragraph 8 of the Complaint, Shank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

9. Shank denies that it employed Plaintiff Joseph D'Amato. With respect to the remaining allegations in paragraph 9 of the Complaint, Shank is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and deny those allegations on that basis.

///

///

///

10. Shank admits that defendant Ryan Electric Construction, Inc. is an employer within the meaning of the FLSA and employed the Plaintiffs from time-to-time. Shank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and denies those allegations on that basis.

11. Shank admits that as a joint venture consisting of M.L. Shank Company, Inc. and Balfour Beatty Construction, Inc. Shank admits that it is an employer within the meaning of the FLSA but denies it employed the Plaintiffs. Except as specifically admitted, Shank denies each and every allegation contained in paragraph 11 of the Complaint.

12. Shank admits that Ryan employed the Plaintiffs from time-to-time on the Project. Except as specifically admitted, Shank denies the allegations contained in paragraph 12 of the Complaint.

13. Shank denies the allegations contained in paragraph 13 of the Complaint.

14. Shank denies the allegations contained in paragraph 14 of the Complaint.

15. Shank denies the allegations contained in paragraph 15 of the Complaint.

16. Shank admits that from time-to-time, the Plaintiffs worked more than 40 hours a week for Ryan. Except as specifically admitted, Shank denies each and every allegation contained in paragraph 16 of the Complaint.

17. Shank denies the allegations contained in paragraph 17 of the complaint.

18. Shank denies the allegations contained in paragraph 18 of the Complaint.

19. Shank incorporates by reference its responses to paragraphs 1 through 18 of the Complaint.

20. Shank denies the allegations contained in paragraph 20 of the Complaint.

21. Shank denies the allegations contained in paragraph 21 of the Complaint.

22. Shank denies the allegations contained in paragraph 22 of the Complaint.

23. Shank incorporates by reference its responses to paragraphs 1 through 22 of the Complaint.

24. Shank denies the allegations contained in paragraph 24 of the Complaint.

25. Shank denies the allegations contained in paragraph 25 of the Complaint.

WHEREFORE, having answered the Complaint, Shank demands that it be dismissed with prejudice, that it be awarded costs of this action, including reasonable attorneys' fees under applicable law, and demands such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint, Shank asserts the following affirmative defenses:

1. Plaintiffs' claims are barred by waiver.

2. Plaintiffs' claims are barred by estoppel;

3. Plaintiffs' claims are barred by all applicable statutes of limitations, including the limitations set forth in the FLSA; the Portal-to-Portal Act, 29 U.S.C. § 216(b); 251-62; R.I. Gen. Laws § 37-13-17; and section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

///

///

///

4. Plaintiffs' claims are barred by laches.

5. Plaintiffs' claims are barred by payment.

6. Plaintiffs' claims are barred by failure to join indispensable parties, including by not limited to, IBEW, Local 99.

7. Plaintiffs' claims are barred by failure to exhaust contractual remedies, including arbitration, under the collective bargaining agreement known as the Special Tunnel Agreement ("STA"), which covered all of Plaintiffs' work involved in this action.

8. Plaintiffs' claims are barred by the time limitations set forth in the STA.

9. Plaintiffs' claims are barred by its failure to exhaust administrative remedies.

10. Plaintiffs' claims are barred by the non-retroactivity provisions of the STA and other provisions of the STA.

11. Plaintiffs' claims are barred by, or preempted by, federal law, including Labor Management Relations Act § 301, 29 U.S.C. § 185.

12. Plaintiffs' claims are barred by compromise and settlement.

13. Plaintiffs' claims are barred by accord and satisfaction.

14. Plaintiffs' claims are barred by illegality.

15. Plaintiffs' lack standing to sue Shank under the FLSA and the PDCA.

16. Plaintiffs' claims including its claim for liquidated damages is barred by Shank's good faith.

17. Shank did not act willfully.

18. Amounts claimed by Plaintiffs either did not need to be included in their regular rate of pay or offset any amounts owed to Plaintiffs, including any amounts owed as unpaid overtime.

WHEREFORE, having asserted its affirmative defenses, Shank demands that the Complaint be dismissed with prejudice, be awarded the costs of this action, including reasonable attorneys' fees under applicable law, and for such other and further relief as the Court deems just and proper.

DATED: June 15, 2007

Respectfully submitted,

VISCONTI & BOREN, LTD

By: /S/Girard R. Visconti, Esq.
GIRARD R. VISCONTI, Esq. (#0566)
55 Dorrance Street
Providence, RI 02903
(401)331-3800
(401)421-9302 (fax)
grv@viscontilaw.com
Attorneys for Defendants, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

MARKS, GOLIA & FINCH, LLP

By: /S/Mark T. Bennett, Esq.
MARK T. BENNETT, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000
Fax: (619) 293-7362
mbennett@mgfllp.com
Attorneys for Defendants, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

///

///

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document has been filed electronically on this 15th day of June 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF**:

**Carly Beauvais Iafrate, Esq.**
ciafrate@verizon.net

**Gerald P. Cobleigh, Esq.**
gcobleigh@aol.com

**Girard R. Visconti, Esq.**
grv@viscontilaw.com

DATED: June 15, 2007

VISCONTI & BOREN, LTD

By: /S/Girard R. Visconti, Esq.
GIRARD R. VISCONTI, Esq. (#0566)
55 Dorrance Street
Providence, RI 02903
(401)331-3800
(401)421-9302 (fax)
grv@viscontilaw.com
Attorneys for Defendants, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

MARKS, GOLIA & FINCH, LLP

By: /S/Mark T. Bennett, Esq.
MARK T. BENNETT, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000
Fax: (619) 293-7362
mbennett@mgfllp.com
Attorneys for Defendants, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

Mb156/902.003/bp