**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 06-519S |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,**
**RYAN ELECTRIC CONSTRUCTION, INC.**
**TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Ryan Electric Construction, Inc. ("Ryan" or "defendant"), answers the second amended complaint ("Complaint") as follows:

1. Ryan admits that plaintiffs Patrick Brady, B. Donald Grossi, Robert Powers, Dave Smith, and Joseph D'Amato ("Plaintiffs") seek to recover unpaid wages and unpaid overtime compensation, liquidated damages, and attorneys' fees pursuant to the federal Fair Labor Standards Act ("FLSA") and the Rhode Island Payment of Debts by Contractors Act ("PDCA"). Those claims are disputed and are denied by Ryan. Except at specifically admitted, Ryan denies each and every allegation contained in paragraph 1

of the Complaint, including the allegation that this Court has subject matter jurisdiction.

2. Admitted.

3. Defendant denies the allegations of paragraph 3 of the Complaint.

4. Defendant admits that the Plaintiffs performed work from time-to-time for Defendant Ryan Electric Construction, Inc. on the Main Spine Tunnel and Ancillary Facilities project (Contract No. 01:302.06-C) for the Narragansett Bay Commission ("Project"). Ryan admits the Project is located in the State of Rhode Island. Except as specifically admitted, and Ryan denies the allegations contained in paragraph 4 of the Complaint.

5. Ryan admits that Defendant Patrick Brady was an employee of Ryan. With respect to the remaining allegations in paragraph 5 of the Complaint, Ryan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

6. Ryan admits that it employed Plaintiff Robert Powers. With respect to the remaining allegations in paragraph 6 of the Complaint, Ryan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

7. Ryan admits that it employed Plaintiff B. Donald Grossi Jr. With respect to the remaining allegations in paragraph 7 of the Complaint, Ryan is without sufficient knowledge or information to form a belief as to the

truth of the allegations contained in that paragraph and denies those allegations on that basis.

8. Ryan admits that it employed Plaintiff Dave Smith. With respect to the remaining allegations in paragraph 8 of the Complaint, Ryan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and denies those allegations on that basis.

9. Ryan admits that it employed Plaintiff Joseph D'Amato. With respect to the remaining allegations in paragraph 9 of the Complaint, Ryan is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in that paragraph and deny those allegations on that basis.

10. Ryan admits that it is a Rhode Island corporation and is an employer within the meaning of the FLSA and employed the Plaintiffs from time to time.

11. This Defendant neither admits nor denies the allegations of paragraph 11, but leaves Plaintiffs to their proof thereon.

FACTUAL ALLEGATIONS

12. Admitted.

13. This Defendant neither admits nor denies the allegations of paragraph 13, but leaves Plaintiffs to their proof thereon.

14. This Defendant neither admits nor denies the allegations of paragraph 14, but leaves Plaintiffs to their proof thereon.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

COUNT I
WILLFUL VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
(REFUSAL TO PAY OVERTIME)

19. Ryan incorporates by reference its responses to paragraphs 1 through 18 of the Complaint.

20. Denied.

21. Denied.

22. Denied.

COUNT II
VIOLATIONS OF LABOR & PAYMENT OF DEBTS
BY CONTRACTORS ACT

23. Defendant hereby realleges every allegation set forth in this Complaint as though fully set forth herein.

24. Denied.

25. Denied.

WHEREFORE, Ryan demands that Plaintiffs' Complaint be dismissed with prejudice, that it be awarded costs of this action, including reasonable attorney's fees under applicable law and demand such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the complaint, Ryan asserts the following affirmative defenses:

1. Plaintiffs' claims are barred by waiver.
2. Plaintiffs' claims are barred by estoppel.
3. Plaintiffs' claims are barred by all applicable statutes of limitations, including the limitations contained in the FLSA, the Portal-to-Portal Act, 29 U.S.C. §216(b), 251-62; R.I. Gen. Laws §37-13-17; and section 10(b) of the National Labor Relations Act.
4. Plaintiffs' claims are barred by laches.
5. Plaintiffs' claims are barred by payment.
6. Plaintiffs' claims are barred by failure to join indispensable parties, including but not limited to, IBEW, Local 99.
7. Plaintiffs' claims are barred by failure to exhaust contractual remedies, including arbitration, under the collective bargaining agreement, known as the Special Tunnel Agreement ("STA"), covering all of plaintiffs' work involved in this action.
8. Plaintiffs' claims are barred by the time limitations set forth in the STA.
9. Plaintiffs' claims are barred by its failure to exhaust administrative remedies.
10. Plaintiffs' claims are barred by the non-retroactivity provisions of the STA and other provisions of the STA.

11. Plaintiffs' claims are barred by section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. section 185.

12. Plaintiffs' claims are barred by compromise and settlement.

13. Plaintiffs' claims are barred by accord and satisfaction.

14. Plaintiffs' claims are barred by illegality.

15. Plaintiffs' lack standing to sue Ryan under the FLSA and the PDCA.

16. Plaintiffs' claims including its claim for liquidated damages, is barred by Ryan's good faith.

17. Ryan did not act willfully.

WHEREFORE, having asserted its affirmative defenses, Ryan demands that the Complaint be dismissed with prejudice, be awarded the costs of this action, including reasonable attorneys' fees under applicable law, and for such other and further relief as the Court deems just and proper.

DATED: June 18, 2007

VISCONTI & BOREN, LTD.
By:
/s/________________________________
GIRARD R. VISCONTI, Esq., (#0566)
55 Dorrance Street
Providence, RI 02903
(401) 331-3800
(401) 421-9302 (fax)
grv@viscontilaw.com

Attorneys for Defendant, RYAN ELECTRIC CONSTRUCTION, INC.

**Certification of Service:**

The undersigned hereby certifies that this document has been filed electronically on this 18th day of June, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

**Via Electronic Service/ECF:**

**Carly Beauvais Iafrate, Esq.**
ciafrate@verizon.net

**Mark T. Bennett, Esq.**
**mbennett@mgfllp.com**

The undersigned hereby certifies that on this 18th day of June 2007, a true copy of the within document was forwarded via U.S. Mail, postage prepaid, to the following counsel of record:

**Via U.S. Mail, postage prepaid:**

Gerard P. Cobleigh, Esq.
Cobleigh & Giacobbe
70 Jefferson Boulevard
Warwick, RI 02888

/s/ Girard R. Visconti
**Visconti & Boren Ltd.**
55 Dorrance Street
Providence, RI 02903
Tel. No. (401) 331-3800
Fax No. (401) 421-9203