**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO,<br><br>Plaintiffs,<br><br>v.<br><br>RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC.<br><br>Defendants. | : | C.A. No.: 06-519-ML-DLM<br><br><br><br><br><br><br><br><br>Judge: Mary M. Lisi |

**DEFENDANT SHANK/BALFOUR BEATTY,**
**A JOINT VENTURE CONSISTING OF M.L. SHANK, CO., INC.**
**AND BALFOUR BEATTY CONSTRUCTION, INC.'S OPPOSITION TO**
**SECOND AND UNTIMELY MOTION FOR EXTENSION**
**OF TIME TO RESPOND TO DISCOVERY**

**DEFENDANT SHANK/BALFOUR BEATTY, A JOINT VENTURE CONSISTING OF M.L. SHANK, CO., INC. AND BALFOUR BEATTY CONSTRUCTION, INC.'S OPPOSITION TO SECOND AND UNTIMELY MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY**

Plaintiffs have filed a second motion for an extension of time within which to respond to defendant Shank/Balfour Beatty's interrogatories, requests for production of documents, and request for admissions. The first motion was denied as moot because the plaintiffs have responded to the discovery requests. The motion should be denied for the same reason. Plaintiffs have responded to the discovery requests and any dispute should be resolved under Rule 37.

Plaintiffs state that they may have additional objections to the discovery they may wish to assert. Ordinarily, objections that are not served timely are waived. However, the Court can take up that issue in connection with a Rule 37 motion after the parties have met and conferred. It may be that the Court may not have to deal with the issue at all.

Plaintiffs argue that unless an extension is granted a motion to compel discovery will be filed. Plaintiffs should not be surprised by this as Rule 37 is the procedure used by the Court to resolve discovery disputes. And, or course, the parties are obligated to meet and confer to attempt to resolve the issues without Court intervention.

///

///

///

///

///

In short, the Court's original ruling on the first request for an extension was the correct one. There is no reason to revisit the issue. The motion should be denied as moot and allow the parties to proceed under Rule 37 if they are not able to resolve their disputes.

DATED: August 17, 2007

Respectfully submitted,

VISCONTI & BOREN, LTD

By: /s/Girard R. Visconti, Esq.
GIRARD R. VISCONTI, Esq. (#0566)
55 Dorrance Street, Providence, RI 02903
Tele: (401)331-3800; Fax: (401)421-9302
grv@viscontilaw.com
Attorneys for Defendant, RYAN ELECTRIC CONSTRUCTION, INC. and SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

DATED: August 17, 2007

MARKS, GOLIA & FINCH, LLP

By: /s/ Mark T. Bennett, Esq.
MARK T. BENNETT, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000; Fax: (619) 293-7362
mbennett@mgfllp.com
Attorneys for Defendant, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that his document has been filed electronically on this 17th day of August 2007, and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Gerald P. Cobleigh, Esq.
gcobleigh@aol.com

Carly Beauvais Iafrate, Esq.
ciafrate@verizon.net

Girard R. Visconti, Esq.
grv@viscontilaw.com

/s/ Mark T. Bennett, Esq.
______________________________