**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PATRICK BRADY, et al.,**<br>***Plaintiffs,***<br><br>**vs.**<br><br>**RYAN ELECTRIC CONSTRUCTION, INC., et al.,**<br><br>***Defendants.*** | **C.A. No. 06-519ML** |

**MOTION TO WITHDRAW ADMISSIONS UNDER RULE 36(b) AND ENLARGE THE TIME FOR RESPONSE UNDER RULE 6(b)**

Now come the Plaintiffs and hereby move for leave of the Court to withdraw the admissions that Defendants assert have been deemed admitted, and to extend the time to respond pursuant to Rules 36(b) and 6(b) the Federal Rules of Civil Procedure. In support thereof, Plaintiffs submit the accompanying memorandum of law.

Wherefore, Plaintiffs pray that this Motion be granted.

Plaintiffs,
By their Attorneys,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street

Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

## CERTIFICATION

I hereby certify that this document has been filed electronically on this 20th day of August 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti, Esq.,
grv@viscontilaw.com

Mark T. Bennett, Esq.
mbennett@mgfllp.com

Stephen J. Schultz, Esq.
sschultz@mgfllp.com

/s/ Carly Beauvais Iafrate, Esq.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PATRICK BRADY, et al.,** *Plaintiffs,* <br> **vs.** <br> **RYAN ELECTRIC CONSTRUCTION, INC., et al.,** *Defendants.* | **C.A. No. 06-519ML** |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF REQUEST TO WITHDRAW ADMISSIONS UNDER RULE 36(b) AND ENLARGE THE TIME FOR RESPONSE UNDER RULE 6(b)**

***I. Facts and Travel***

This is an action under the FLSA and state law regarding overtime and wage issues that have arisen between the Plaintiffs, five electricians who performed work on a construction project, and Defendants, Ryan Electric Construction, Inc., and Shank/Balfour Beatty. Recently, Defendant Shank propounded 15 sets of discovery upon Plaintiffs – each Plaintiff received a request for admissions, a request for production of documents and a set of interrogatories. Before the time to respond to discovery had expired, Plaintiff's counsel asked defense counsel for an additional thirty days to respond. Defendant did not agree to a thirty-day extension. Accordingly, before the responses were due, Plaintiffs filed a motion to extend the time for response.[1] This motion is necessary in the event the

1 Plaintiffs actually filed two motions. The first motion to extend was denied as moot. Plaintiffs' re-filed the motion to explain why, in their opinion, the request was not moot.

Court does not grant Plaintiff additional time to respond to the discovery requested in the pending motion and is geared more specifically at the admissions since Defendant now allege they are admitted by default.

***II. Rule 36***

Defendant Shank has taken the position that because Plaintiffs did not answer the admissions with the thirty-day period pursuant to Rule 36, they have been deemed admitted by default. Significantly, Rule 36 is not designed to obtain admissions by default, especially when those admissions go to the heart of the dispute. This is because a Request for Admissions is not a true "discovery" device. It is not designed to gather facts or evidence, but rather a proper request "establish[es] admission of facts about which there is no real dispute." 7 James W. Moore, et al., Moore's Federal Practice § 36.02(1) (3d ed. 2000) (noting that a Request for Admissions serves to expedite and streamline litigation). Significantly, "[t]he principle that if no response to a request for admission is timely submitted the request is deemed admitted is not as harsh as it may appear, because this aspect of the rule is not mandatory." See also Gutting v. Falstaff Brewing Co., 710 F.2d 1309, (8th Cir. 1983) (citing Finman, *The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371 (1962)).

This makes sense because "[t]he [] rules are designed to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies." 4 Charles A.

---

The second motion has not yet been ruled upon. In the event the Court rules upon that motion, then this motion will be moot. The only reason the admissions were not answered in a timely fashion, was because Plaintiffs' attorney had requested additional time to prepare responses due to her schedule.

Wright & Arthur R. Miller, Federal Practice & Procedure § 1029 (2d ed. 1987) (citing Fed. R. Civ. P. 1 that "the rules shall be construed and administered to secure the just, speedy, and inexpensive determination of every action" and Fed. R. Civ. P. 8(f) that the court "shall construe all pleadings so as to do substantial justice.").

> "Where possible, an action should be resolved on its merits. Deemed admissions should prevail over the quest for truth only in extreme situations." Day v. Milling, 2000 WL 435462 (D.Conn. 2000) (citing Maramount Corp. V. B. Barks & Sons, Inc., 1999 WL 55175, at *3 (E.D. Pa. 1999)).

Accordingly, Rule 36 has a specific provision which allows for withdrawal of an admission which provides that:

> "[T]he court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the party's action or defense on the merits." Fed. R. Civ. P. 36(b).

Here, Plaintiffs are requesting that the admissions obtained by default be withdrawn and that they be given additional time to provide substantive responses. Pursuant to Rule 36(b) the party who obtains the admission must convince the Court that allowing the withdrawal or late response will subserve the merits of the case and that it will be prejudiced if withdrawal is allowed. Moore's, supra at § 36.13; see also Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) (burden is on party who obtained the admission to show why withdrawal should not be allowed); see also, e.g., Raiser v. Utah County, 409 F.3d 1243 (allowing admissions to be withdrawn); Williams v. Riegel, 107 F.3d 874 (7th Cir. 1997) (same); Smith v. Farley, 52 F.3d 328, at *5 (7th Cir. 1995) (same); Jordan v. Majurin, 56 F.3d 64 (6th Cir. 1995) (same); Warren v. International Brotherhood

of Teamsters, 544 F.2d 334, 339-340 (8th Cir. 1976).; Printy v. Crochet & Borel Services, 196 F.R.D. 46, (E.D. Tex. 2000) (same); Robertson v. City of Memphis, 2004 WL 2905398 (W.D. Tenn. 2004); Johnson v. Outback Steakhouse of Florida, Inc., 328 F. Supp.2d 1115 (D. Kan. 2004); Kress v. Food Employers Labor Relations Assoc., 285 F. Supp. 2d 678, 681 (D. Md. 2003); Chisolm v. Cancer Treatment Centers of America, 2002 WL 31085090 (N.D. Ill. 2002); EEOC v. Rent-A-Center, Inc., 2001 WL 1906273 (W.D. Tenn. 2001); North Louisiana Rehab. Ctr., Inc., 179 F. Supp.2d 658 (W.D. La. 2001); Moore v. Northern Telecom, Inc., 1999 WL 33455147 (E.D.N.C. 1999); United States v. Branella, 972 F. Supp. 294 (D.N.J. 1997); Gerlib v. R.R. Donnelley & Sons, Co., 1997 WL 325957 (N.D. Ill. 1997); Smith v. Volkswagen of Am., 1996 WL 743803 (N.D. Cal. 1996); Dunn v. Hercules, 1994 WL 194542 (E.D. Pa. 1994); In re Ottowa River Steel v. Meridian National Corp., 324 B.R. 636 (N.D. Ohio 2005). Health Ins. Plan of Greater N.Y., Inc. v. United States, 56 Fed. Cl. 718 (U.S. Fed. Cl. 2003).

**Presentation of the Merits of the Action**

"This part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Raiser, 409 F.3d at 1246 (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1265 (11th Cir. 2002)). When the requests are not designed to "narrow factual issues for trial," but instead are designed "to eliminate all issues for trial," the party seeking to have the admissions withdrawn has met the first prong of the test for withdrawal because allowing plaintiff to withdraw their default admission on the ultimate issues in the lawsuit clearly will subserve trial on the merits. Printy, 196 F.R.D. at 51; North Louisiana Rehab. Ctr., 179 F. Supp.2d at 663 (withdrawal allowed

because otherwise key element of case would have been conclusively established). A quick look at the requests in this case make clear that Defendant is seeking to have admitted issues which are in dispute. See Exhibit A, Request for Admissions (same for all Plaintiffs). For example, with Request #3, Defendant attempts to have Plaintiffs admit that they were not employed by Shank which goes to a central legal issue – whether Shank is an employer for purposes of the FLSA. Obviously, if that admission is deemed admitted, then the entire action is arguably baseless since Shank must be an employer for purposes of the FLSA for liability to attach. Similarly, Request #12 attempts to establish that Plaintiffs were required to arbitrate the FLSA violations. Again, this is a central legal issue in the case which is not properly the subject of an admission in the first place. If established, then the case is arguably moot since the doctrine of exhaustion would arguably apply.

Accordingly, it is obvious that Defendant cannot establish that the merits of the action would be preserved if the Admissions were obtained by default.

**Prejudice to Party who Obtained the Admissions by Default**

In nearly every case, the party who obtained the admission cannot "show that it would be prejudiced by the withdrawal." Raiser, 409 F.3d at 1246. Significantly, "[m]ere inconvenience does not constitute prejudice for this purpose. The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required. * * * In particular, '[p]reparing a summary judgment motion in reliance upon an erroneous admission does

not constitute prejudice.'[2] * * * The prejudice contemplated by Rule 36(b) * * * relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Raiser, 409 F.3d at 1246 (allowing withdrawal); Sonoda, 255 F.3d at 1039 (same); Falstaff, 710 F.2d at 1314 (same); EEOC, 2001 WL 1906273, at *3 (fact that plaintiff must now prove case cannot be considered prejudicial); Upchurch, 160 F.R.D. at 133 (no prejudice, even after 11 month delay)

One of the factors courts look to in order to determine the prejudice potentially suffered by the party who obtained the admission is the time that has elapsed between the time the admissions were due and the time the party sought relief. Many courts only deny the motions to withdraw when a significantly lengthy delay is present. cf. Raiser, 409 F.3d at 1247 (two weeks and allowed withdrawal); Printy, 196 F.R.D. at 50 (seven months, party did not even file a motion to withdraw, and court allowed withdrawal in context of objection to summary judgment); Smith, 52 F.3d at *5 (2 months and allowed); Watson v. Barloworld Freightliner, Inc., 2003 WL 22384967, at *2 (W.D. Tenn. 2003) (five months and allowed); Branella, 972 F. Supp. at 301 (two weeks); Upchurch v. Ustnet, Inc., 160 F.R.D. 131 (D.Or. 1995) (eleven months). Here, Plaintiffs filed a motion to extend the time for responses to discovery even before the time elapsed. This motion has been filed within weeks of the time the answers were due. No other discovery has yet been

[2]For example, in Raiser, during the two weeks that elapsed after the Plaintiff failed to respond to admissions, the Defendant was preparing a summary judgment motion in reliance on the admissions. The Court held that "any prejudice to [the Defendant] in preparing a motion for summary judgment is insufficient to foreclose withdrawal or amendment of the admissions." 409 F.3d at 1247.

conducted and discovery closure is months away.

**Withdrawal is not Permitted Only in Extreme Situations**

Because refusing to allow withdrawal is a form of a sanction it should only be done in severe cases. The Cardi case is instructive on this point. Cardi Corp. v. State of Rhode Island, 524 A.2d 1092 (R.I. 1987). Cardi involved a construction contract dispute between Cardi Corporation and the State of Rhode Island Department of Transportation ("DOT"). Id. at 1093. When the DOT claims board rejected Cardi's claim for damages, it sued in Superior Court. Id. During litigation, Cardi filed a Request for Admissions under Rule 36. The DOT originally objected to the Request without setting forth any reasons. After a trial date had been set, Cardi brought on a hearing on DOT's objections. Part of the reason why it requested the hearing was because the case was a "very complicated and involved case arising from events now over ten years old," and Cardi "wished to narrow the issues." Id. at 1094.

Following the hearing, the Court granted Cardi's motion to compel and ordered the DOT to either admit or deny the requests before a specified date. Significantly, the DOT did not comply with the court order. Id. DOT then requested additional time for compliance, and Cardi agreed to it on two occasions. Despite the order, DOT did not comply even within the extended time period. Instead, it filed a response after the date of compliance. Four days before trial, Cardi moved to strike the DOT's late response (which included numerous denials). This motion was granted. It was only at this point, after Cardi's motion to strike was granted and after it filed a motion for partial summary judgment did DOT moved to withdraw the admissions. When the Court denied its motion, the DOT appealed to the Supreme Court. Id. at 1094.

On appeal, the Court found that the trial justice did not abuse his discretion in refusing to allow the DOT to withdraw the admissions - - for the following reasons. First, the Court noted that the subject matter "was known to and was largely under the control of DOT and was under consideration by the state for more than ten years. The requests themselves were <u>fully known to DOT for more than two and a half years</u>." <u>Id.</u> at 1094. Next, the Court found that denying DOT's request to withdraw the admissions was consistent with the purpose behind Rule 36. The Court noted that "[r]ule 36 establishes a 'procedure * * * for facilitating the proof at the trial by weeding out facts and items of proof over which there is no dispute, but which are often difficult and expensive to prove." <u>Id.</u> at 1095 (citing 4A Moore, Federal Practice § 36.02 at 36-12 (1984)). The Court looked at the standard set forth in General Electric Co., which, at that time, was the only prior Rhode Island decision on the question of leave to withdraw admissions. <u>Id.</u> Specifically, the Court said that "an admission may be withdrawn if the admitting litigant acted diligently; if adherence to the admission must cause a suppression of the truth; and if the withdrawal can be made without prejudice to the party who requested the admission." <u>Id.</u>

The Court found that the DOT could not argue that it acted diligently when it waited three months before filing its request to withdraw the admissions and had no explanation for failing to comply with the court order. The Court noted that DOT had lacked diligence throughout the lawsuit. Specifically, it had not answered the case until one and a half years after the complaint was filed; was sanctioned for failing to respond to deposition notices and subpoenas duces tecum; never paid the sanction even to the date of the decision on appeal; several times appeared at depositions without counsel and documents,; and that this behavior continued up to the date of trial.

The Court then considered if there would be suppression of the truth if the Admissions were not withdrawn. The Court found that the DOT had not pointed out any facts that were actually contrary to the admissions even after having been given the opportunity to do so. Instead, the Court found that there were documents disclosed during discovery which tended to show that the State acknowledged liability on Cardi's claims and that the only issue was damages. Lastly, the Court found that DOT could not show prejudice resulting. The Court noted that because the evidence showed that it was likely that DOT could not even deny the facts already deemed admitted and it could not prove it would be prejudiced and instead, Cardi would be prejudiced by having to prove what Plaintiff already admitted was true.

Other courts which have not allowed withdrawal have faced similarly sanction-warranting situations. See, e.g., Banos v. City of Chicago, 398 F.3d 889 (7th Cir. 2005) (finding lower court did not abuse its discretion in denying motion to withdraw admissions because admission not obtained by default, and now sought to withdraw five years into the lawsuit, after discovery closure, because of a change in litigation strategy and even fully analyzing the merits and finding that even if allowed withdrawal would not help); Mutual Service Ins. Co. v. Frit Industries, Inc., 358 F.3d 1312, 1322 (11th Cir. 2004) (lawsuit pending ten years, not obtained by default, and sought to change litigation strategy); 999 v. CIT Corp., 776 F.2d 866, 869 (9th Cir. 1985) (party filed motion to withdraw in middle of trial and party had nearly rested its case, party who obtained had relied on it and even shown to jury);

*III. Conclusion*

Accordingly, based on the foregoing, there is simply no reason why the Plaintiffs

should not be given more time to respond to the Admissions. Specifically, all Plaintiffs are requesting is to have up to and including September 10, 2007, which is only approximately thirty days beyond the time the responses were originally due. Wherefore, Plaintiffs respectfully request that the instant Motion to Enlarge Time and/or Request to Withdraw Admissions be granted.

Plaintiffs,
By their Attorneys,

/s/ Gerard P. Cobleigh

Gerard P. Cobleigh, #0232
70 Jefferson Boulevard
Warwick, RI 02888
(401) 941-5900
(401) 461-4107 (fax)

/s/ Carly Beauvais Iafrate

Carly Beauvais Iafrate, #6343
129 Dyer Street
Providence, RI 02903
(401) 421-0065
(401) 421-0964 (fax)

**CERTIFICATION**

I hereby certify that this document has been filed electronically on this 20th day of August 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Via Electronic Service/ECF:

Girard R. Visconti, Esq.,
grv@viscontilaw.com

Mark T. Bennett, Esq.
mbennett@mgfllp.com

Stephen J. Schultz, Esq.
sschultz@mgfllp.com

/s/ Carly Beauvais Iafrate, Esq.

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PATRICK BRADY, B. DONALD GROSSI, ROBERT POWERS, DAVE SMITH, and JOSEPH D'AMATO, | : | C.A. No.: 1:06-CV-00519-ML-DLM |
| Plaintiffs, | : | |
| v. | : | |
| RYAN ELECTRIC CONSTRUCTION, INC., and SHANK/BALFOUR BEATTY, a joint venture of M.L. SHANK COMPANY, INC., and BALFOUR BEATTY CONSTRUCTION, INC. | : | |
| Defendants. | : | |

**DEFENDANT SHANK/BALFOUR BEATTY'S FIRST SET**
**OF REQUEST FOR ADMISSIONS TO PLAINTIFF DAVE SMITH**

Pursuant to Fed. R. Civ. P. 36 and Local Rule 36, defendant Shank/Balfour Beatty ("Shank") requests that plaintiff Dave Smith admit the following:

**REQUEST FOR ADMISSION NO. 1:**

That Attachment "A" is a true and correct copy of pages 1 through 11 of the Special Tunnel Agreement.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the Special Tunnel Agreement was in effect when you worked on the Combined Sewer Overflow Abatement Program project ("Project").

**REQUEST FOR ADMISSION NO. 3:**

Admit that Shank did not employ you on the Project.

**REQUEST FOR ADMISSION NO. 4:**

Admit that M.L. Shank Co, Inc. did not employ you on the Project.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Balfour Beatty Construction did not employ you on the Project.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Attachment "B" sets forth the wage and fringe benefit rates that had to be paid on the Project under the Labor and Payment of Debts by Contractors Act ("PDCA").

**REQUEST FOR ADMISSION NO. 7**

Admit that when you worked on the Project, the general prevailing payments to lawful welfare, pension, vacation, apprenticeship training, and educational funds within the meaning of R.I. Gen. Laws § 37-13-6 for the work you performed on the Project was not greater than $12.00 an hour.

**REQUEST FOR ADMISSION NO. 8**

Admit that when you worked on the Project, you were paid an hourly wage rate of not less than $2.00 for each hour you worked on the Project.

///

///

///

///

**REQUEST FOR ADMISSION NO. 9:**

Admit that when you worked on the Project, your total hourly compensation (including wages and fringe benefits paid on your behalf) exceeded $39.00 an hour for each hour you worked on the Project.

**REQUEST FOR ADMISSION NO. 10:**

Admit that you never attempted to arbitrate under the terms of the Special Tunnel Agreement any claim that Shank violated the Fair Labor Standards Act.

**REQUEST FOR ADMISSION NO. 11:**

Admit that you never attempted to arbitrate under the terms of the Special Tunnel Agreement any claim that Shank violated the PDCA.

**REQUEST FOR ADMISSION NO. 12:**

Admit that you were required to arbitrate under the terms of the Special Tunnel Agreement your claim that Shank violated the Fair Labor Standards Act.

///

///

///

///

///

///

///

///

///

**REQUEST FOR ADMISSION NO. 13:**

Admit that you were required to arbitrate under the terms of the Special Tunnel Agreement your claim that Shank violated the PDCA.

DATED: July 3, 2007

Respectfully submitted,
VISCONTI & BOREN, LTD

By: /S/Girard R. Visconti, Esq.
GIRARD R. VISCONTI, Esq. (#0566)
55 Dorrance Street, Providence, RI 02903
Tele: (401)331-3800; Fax: (401)421-9302
grv@viscontilaw.com
Attorneys for Defendant, RYAN ELECTRIC CONSTRUCTION, INC. and SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

MARKS, GOLIA & FINCH, LLP
By: [signature]
MARK T. BENNETT, Esq. (*pro hac vice*)
3900 Harney Street, San Diego, CA 92110
Tele: (619) 293-7000; Fax: (619) 293-7362
mbennett@mgfllp.com
Attorneys for Defendant, SHANK / BALFOUR BEATTY, A Joint Venture of M.L. SHANK COMPANY, INC. and BALFOUR BEATTY CONSTRUCTION, INC.

## CERTIFICATE OF SERVICE

I, Brandi D. Paape declare that:

I am over the age of eighteen years and not a party to the action; I am employed in the County of San Diego, California; where the mailing occurs; and my business address is 3900 Harney Street, First Floor, San Diego, California 92110-2825. I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I caused to be served the following document(s): **DEFENDANT SHANK/BALFOUR BEATTY'S FIRST SET OF REQUEST FOR ADMISSIONS TO PLAINTIFF DAVE SMITH**, by placing a copy thereof in a separate envelope for each addressee listed as follows:

Attorneys for Plaintiffs:

Gerald P. Cobleigh, Esq.
Cobleigh & Cobleigh
70 Jefferson Boulevard
Warwick, RI 02888
Tele: (401) 941-5900
Fax: (401) 461-4107
gcobleigh@aol.com

Attorneys for Plaintiffs:

Carly Beauvais Iafrate, Esq.
129 Dyer Street
Providence, RI 02903
Tele: (401) 421-0966
FAX: (401) 421-0964
ciafrate@verizon.net

Attorneys for Defendants:

Girard R. Visconti, Esq.
Visconti & Boren LTD
55 Dorrance Street
Providence, RI 02903
Tele: (401)331-3800
Fax: (401)421-9302
grv@viscontilaw.com

I then sealed the envelope(s) and, with the postage thereon fully prepaid, either deposited it/each in the United States Postal Service or placed it/each for collection and mailing on July 3, 2007, at San Diego, California, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 3, 2007.

Brandi D. Paape